IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD COTRELLE TIDWELL,

    Plaintiff,

  v.

CARRINGTON HOLDING COMPANY, LLC; CARRINGTON REAL ESTATE SERVICES, LLC; CARRINGTON HOLDINGS, INC.; CARRINGTON REAL ESTATE SERVICES (US), LLC; CARRINGTON REAL ESTATE SERVICES (CA), INC.; SNYDER REAL ESTATE GROUP; MICHELLE M. DE BORD-RIDGE; DEBORA HORNE SNYDER; ELIZABETH M. COUNTS; UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF CALIFORNIA-OAKLAND DIVISION; STATE OF CALIFORNIA, SUPERIOR COURT OF CONTRA COSTA COUNTY, PITTSBURGH; OFFICE OF THE DISTRICT ATTORNEY CONTRA COSTA COUNTY, CONSUMER PROTECTION (CIVIL) UNIT; CONTRA COSTA COUNTY OFFICE OF THE SHERIFF; NAIMAN LAW GROUP, PROFESSIONAL CORPORATION; PARKER IBRAHIM & BERG, LLC,

    Defendants.

No. C 17-00437 WHA

**ORDER GRANTING MOTION TO DISMISS**

On January 27, 2017, pro-se plaintiff Edward Cotrelle Tidwell filed this action against several defendants including Carrington Holding Company, LLC; Carrington Real Estate Services (US), LLC; Carrington Real Estate Services (CA), Inc.; and Michelle M.

De Bord-Ridge. These defendants seek dismissal pursuant to Rule 12(b)(6). Tidwell failed to file an opposition to defendants' motion.[*]

On April 24, three days before the hearing on this motion, Tidwell filed a voluntary dismissal of Carrington Holding Company, LLC; Carrington Real Estate Services, LLC; Carrington Holdings, Inc.; and Carrington Real Estate Services (US), LLC. The filing was entered on the docket the day before the hearing. The remaining movants, thus, are Michelle M. De Bord-Ridge and Carrington Real Estate Services (CA), Inc.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, a plaintiff must plead sufficient factual content to draw a reasonable inference that a defendant is liable for the misconduct alleged. *Ibid*. Defendants argue Tidwell failed to meet the simple requirement of Rule 8(a) — that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) ensures judges and adverse parties are saved from "fish[ing] a gold coin from a bucket of mud." *Knapp v. Hogan*, 738 F.3d 1106, 1111 (9th Cir. 2013) (quoting *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)).

Some basic information is clear from Tidwell's first amended complaint, a form complaint for a non-prisoner claim pursuant to Section 1983 of Title 42 of the United States Code. He marked the box indicating he brought suit against state or local officials and he makes a clear, though extraordinary, prayer for relief for ten million dollars in general damages, five hundred thousand dollars in punitive damages, attorney's fees and costs once he is appointed counsel (a prior order denied his request for counsel), a temporary restraining order, and a preliminary injunction.

---

[*] Buried in the parties' joint case management statement, filed more than three weeks after Tidwell's opposition was due, Tidwell made a request for an extension until May 15 to file his opposition (Dkt. No. 26 at 5). On April 24, three days before the hearing on this motion, Tidwell filed a letter formally requesting an extension to file his opposition — this time, until June 1 "or thereabout" (Dkt. No. 29). Tidwell will be given an opportunity to seek leave to amend his complaint. Assuming he does not remedy his claim there, defendants will surely provide him with another motion to dismiss to oppose.

2

Where Tidwell was meant to make a claim for relief in the form complaint, he provides an unexplained citation to a letter he wrote to Judge William Lafferty of this district's bankruptcy court asking for a variety of relief in an action proceeding there — seven days prior to filing the instant action (Dkt. No. 4 at 11). Tidwell also cites to an affidavit he filed in the related action before the undersigned. *Tidwell v. JPMC Specialty Mortgage LLC*, Case No. C 16-06149. Neither document makes a comprehensible claim against defendants or explains why they should be considered state actors making them liable under Section 1983.

At the end of Tidwell's six-page letter to Judge Lafferty is, perhaps, the gold coin. Tidwell claims in the alternative, "if the Bankruptcy Court refuse[s] Appellant's request then Appellant apply [sic] to the United States District Court, Northern District of California-San Francisco Division for said order granting the extension of time, Stay Pending Appeal, and Injunctive Relief" (Dkt. No. 4 at 16). This Section 1983 lawsuit — claiming $10.5 million dollars — then, seems to be Tidwell's carried-out threat of applying to the San Francisco division of this district upon Judge Lafferty's denial of Tidwell's preferred outcome. If that is the basis of this action, it is clear these defendants cannot be liable for the misconduct alleged and the action must be dismissed.

If it is not, the action still must be dismissed for failure to provide a short and plain statement showing that Tidwell is entitled to relief against the Carrington defendants. No other claim can reasonably be deciphered from these documents. For the foregoing reasons, defendants' motion to dismiss is **GRANTED**.

Tidwell may seek leave to amend the dismissed claims by a formal motion noticed on the normal 35-day calendar by **MAY 11 AT NOON**. Tidwell must plead his best case. His motion should affirmatively demonstrate how the proposed amended complaint corrects the deficiencies identified in this order, as well as any others raised in defendants' motion but not addressed

herein. The motion should be accompanied by a redlined copy. Failure to timely file a motion seeking leave to amend will result in dismissal of the action against Tidwell.

**IT IS SO ORDERED.**

Dated: April 27, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE