1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD COTRELLE TIDWELL,

Plaintiff,

v.

CARRINGTON REAL ESTATE
SERVICES, LLC, *et al.*,

Defendants.

/

No. C 17-00437 WHA

**ORDER DENYING AS MOOT
MOTION TO DISMISS**

Plaintiff Edward Tidwell has voluntarily dismissed defendant Naiman Law Group, PC (Dkt. No. 54). Accordingly, Naiman's pending motion to dismiss (Dkt. No. 48) is **DENIED AS MOOT**. After its dismissal, however, Naiman filed a brief styled as a reply in support of its motion to dismiss, urging the Court to use its "discretion" under FRCP 41(a)(1)(B) to deem Naiman's dismissal as "an adjudication on the merits" (Dkt. No. 59 at 2–4).

Contrary to Naiman, FRCP 41(a)(1)(B) affords the district court no such discretion. That rule provides that a voluntary dismissal without court order is without prejudice except that, "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." As our court of appeals explained in *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1076 (9th Cir. 1999):

> We now make explicit what our cases have indicated before, that once a notice of voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal. Nor may it rule at the defendant's request on whether the plaintiff's notice of dismissal in a second action is with prejudice or without prejudice. . . . By the same token, it does not matter what label the plaintiff attaches to a second voluntary dismissal. Rather, Rule 41 itself prescribes the effect of Rule 41(a)(1) dismissals. Accordingly, whether the second voluntary dismissal is subject to the two dismissal rule such that it operates with prejudice as an adjudication upon the merits is an issue that becomes ripe (and can be determined) only in a third action, if and when one is filed.

Naiman's brief does not cite *Commercial Space* but instead relies on a non-binding decision from the Fifth Circuit that is inapposite in any event because it examined the district court's discretion to place conditions on a voluntary dismissal *with court order* pursuant to FRCP 41(a)(2), not on a voluntary dismissal *without court order* pursuant to FRCP 41(a)(1). *See In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162–63 (5th Cir. 2010). In short, Naiman's request has no basis in the law and is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 29, 2017.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2