IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD COTRELLE TIDWELL,

    Plaintiff,

  v.

CARRINGTON REAL ESTATE SERVICES (US), LLC, *et al.*,

    Defendants.

No. C 17-00437 WHA

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

In this purported civil rights action, pro se plaintiff's first amended complaint, to the extent comprehensible, fails to state a plausible claim for relief. Defendants' motions to dismiss are **GRANTED**.

Pro se plaintiff Edward Cotrelle Tidwell filed this action against Carrington Holding Company, LLC; Carrington Real State Services (US), LLC; Carrington Real Estate Services (CA), Inc.; Michelle De Bord-Ridge; Snyder Real Estate Group; Debora Horne Snyder; Elizabeth M. Counts; United States Bankruptcy Court, Northern District of California-Oakland Division; Superior Court of California, County of Contra Costa; Contra Costa County of the District Attorney; Contra Costa County Office of the Sheriff; Naiman Law Group, PC; and Parker Ibrahim & Berg LLC, on January 27, 2017. He amended his complaint on February 1, 2017 (Dkt. No. 4).

In March 2017, Carrington Holding Company, LLC; Carrington Real State Services (US), LLC; Carrington Real Estate Services (CA), Inc.; and Michelle De Bord-Ridge sought dismissal pursuant to FRCP 12(b)(6). Tidwell then voluntarily dismissed all but one of the

Carrington defendants (Dkt. No. 30). A subsequent order dismissed Tidwell's claims against the remaining movants Michelle De Bord-Ridge and Carrington Real Estate Services (CA), Inc. (Dk. No. 35). Tidwell did not seek leave to amend, instead filing a voluntary dismissal of De Bord-Ridge and Carrington Real Estate Services (CA), Inc. (Dkt. No. 39).

Tidwell similarly voluntarily dismissed the Superior Court of California, County of Contra Costa; Contra Costa County of the District Attorney; Contra Costa County Office of the Sheriff; and Naiman Law Group, PC after each party filed a motion to dismiss pursuant to FRCP 12(b)(6) (Dkt. Nos. 47, 49, 54).

Four other parties — Snyder Real Estate Group, Debora Horne Snyder, Elizabeth Counts (collectively, "Snyder Real Estate Group"), and Parker Ibrahim & Berg LLC — now seek dismissal pursuant to FRCP 12(b)(6). This order follows full briefing as well as oral argument.[*]

The pleading standard under FRCP 8 does not require "detailed factual allegations," but it does require more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, to survive a motion to dismiss, a plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the party asserting it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

Tidwell's first amended complaint, a form complaint for violation of civil rights, identifies the basis for jurisdiction as Section 1983 of Title 42 of the United States Code and seeks, among other things, ten million dollars in general damages and five hundred thousand in punitive damages (Dkt. No. 4 at 5).

Tidwell, rather than stating an actual claim for relief in the form complaint, instead refers repeatedly to a separate attachment and letter dated January 20, 2017, to Judge William Lafferty of this district's bankruptcy court, wherein Tidwell requests a variety of relief in a separate proceeding there. The attachment includes a laundry list of purported violations pursuant

---

[*] Tidwell filed his opposition to Snyder Real Estate Group ten days after the deadline of June 6, 2017 (Dkt. No. 57). Despite this untimely response, this order reaches and grants Snyder Real Estate Group's motion on its merits.

2

Section 1343 of Title 28 of the United States Code; Sections 1983, 3601, 12132, 12182, and 12203 of Title 42 of the United States Code; purported violations of the Fifth, Sixth, and Fourteenth Amendments; and Article I, Section 7 of the California Constitution, all of which he claims are supported by the letter to Judge Lafferty (*id.* at 9–11).

Even together, the complaint, letter, and attachment fail to state a comprehensible claim against Snyder Real Estate Group or Parker Ibrahim & Berg. None of the materials allege that Snyder Real Estate Group or Parker Ibrahim & Berg are state actors, or that they acted under the color of California or federal Law as Tidwell now asserts in his responses to their separate motions to dismiss (Dkt. Nos. 57 at 6; 65 at 5).

A prior order gave Tidwell leave to amend his complaint (*see* Dkt. No. 35). Instead, he voluntarily dismissed all claims against the remaining movants. His amended complaint continues to fall short even as to Snyder Real Estate Group and Parker Ibrahim & Berg. Further leave to amend would be futile.

In Tidwell's oppositions, he renews, yet again, a request for pro bono counsel (*see* Dkt. Nos. 57 at 7; 65 at 6). This request is **DENIED** as moot. His requests for judicial notice are similarly **DENIED** as moot.

\* \* \*

Tidwell has not only appealed adverse rulings before the undersigned judge, but has also separately sued the U.S. Bankruptcy Court, Northern District of California in this civil action for the same meritless claims. This is fallacious. If this tactic is indulged here there would be nothing stopping Tidwell from responding to future adverse rulings by suing this district court, our court of appeal, and the Supreme Court of the United States based on meritless theories. This is unthinkable. If there is any substance to Tidwell's bankruptcy appeal then he will get all the relief he is entitled to against the bankruptcy court in due course.

Meanwhile, his claims for relief against the U.S. Bankruptcy Court, Northern District are dismissed as frivolous. This order disposes of all remaining claims. Judgment will follow.

**IT IS SO ORDERED.**

Dated: August 14, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE